[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel.
All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Burdick, intermarried at Montville, Connecticut, on December 9, 1989, that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Felicia L. Doukas, born January 25, 1990; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation; that no state or local agency is presently contributing to the support and maintenance of either party. However, the State of Connecticut did provide support to the plaintiff for three months. There remains an arrearage due the state of $202 subject to adjustment.
This is a second marriage for the plaintiff. Her prior marriage was dissolved in 1987. Plaintiff had a minor child issue of her first marriage and is receiving support for said child.
The plaintiff, who had a drinking problem, has participated in Alcoholics Anonymous program (AA) for the past two years. She met the defendant at an AA dance in 1987 and married him in 1989.
The parties separated during December, 1994, because of defendant's excessive drinking, their constant arguments about finances and physical abuse by the defendant to the plaintiff. CT Page 5495-B Plaintiff became depressed over their constant financial problems and was against defendant removing the business from the mobile home into a store in Waterford, Connecticut, with a five-year lease at a monthly rent of $1,350.
At the time of the marriage, plaintiff owned a trailer home located at 18 Blumenthal Drive. In 1993, she sold the trailer home and netted $5,000. She then purchased a mobile home located at and known as 11 Killeen Drive, Uncasville, Connecticut, for $37,000 and executed a mortgage for said amount; to Doreen Mrowka. The mortgage required a monthly payment of $501 with a balloon payment due in December, 1997. The present mortgage balance is $32,000.
The plaintiff, who was born April 12, 1965, left school at Fitch Senior High after the tenth grade, to work full time at T.J. Maxx in Groton, Connecticut, where she remained until her pregnancy during her first marriage. While unemployed, plaintiff assisted in the defendant's business by answering the telephone and receiving supplies delivered to the business.
In January, 1991, plaintiff became employed by the Bureau of Business Practice for 25 hours per week at $9 per hour. She left there after seven months and became employed for two months at Olan Mills, Groton, Connecticut, earning $5 per hour. During these employments, defendant continued to assist in defendant's business approximately four to nine hours per week.
In May, 1994, plaintiff became employed by Eu-Rest in the cafeteria at Millstone until the end of 1995, except for a few months of unemployment due to illness. Plaintiff worked 40 to 60 hours per week and had a gross annual income of $12,000 for 1995. Plaintiff is currently employed by Stone Webster, working 72 hours per week for $9.50 per hour. However, this employment may terminate in three weeks.
When the defendant and plaintiff intermarried, the defendant, who had been in the floor covering business for about ten years, operated the business out of the plaintiff's trailer home. In 1994, over plaintiff's objections, defendant obtained a five-year lease at a monthly rental of $1,350 for a store front located at 86 Boston Post Road, Waterford, Connecticut. Presently, he is ten months in arrears on the rent. The landlord has taken some of defendant's supplies as partial payment of the rent due. CT Page 5495-C
Although the defendant's business was not considered successful by either of the parties, defendant provided plaintiff with a weekly sum of $250 to $500 per week which plaintiff used for the household expenses.
Defendant claims that, after the payment of business expenses, he now draws $150 per week from the business. From that sum, he pays the plaintiff the current support order of $60 per week and $16 on an arrearage owed.
The defendant appears to be in good health and has a trade which should provide him with good economic prospects. However, he has accumulated substantial debts from his business.
Although plaintiff had some medical problems during her marriage resulting in a hysterectomy, her present health seems good. Because of plaintiff's premature termination of her high school education, plaintiff's employment prospects seem limited.
The parties have minimal marital assets. There appears to be little, if any, equity in the land and mobile home owned by the plaintiff. Defendant's business has an inventory of approximately $1,500. The nature of the business would indicate it has little, if any, goodwill value.
The defendant has a 1987 Dodge Maxivan valued at $3,000. The plaintiff's automobile was totalled in an accident in which plaintiff claims she also suffered personal injuries. Plaintiff did not have collision insurance and expects to sue. Her claim will be contested
Plaintiff rented an automobile for two months at a cost of $1,200, which she claims she paid for with her mother's credit card.
During their marriage, plaintiff and defendant filed joint federal and Connecticut income tax returns. Since the parties failed to pay their income taxes to the state and Internal Revenue Service (IRS), they incurred joint liabilities of $28,714.41 to the IRS and $1,167 to the State of Connecticut. However, since the defendant has made payments on the IRS debt, the balance is around $20,000.
The parties also incurred other marital debts including: CT Page 5495-D
 William Backus Hospital $3,270.57 Lawrence Memorial Hospital 457.54 Yale-New Haven Hospital 800.00 Utility bill 1,200.00
The plaintiff paid $1,000 on the utility bill leaving a balance of $200. Further, plaintiff claims that Mr. Clapper, the father of a co-employee of the plaintiff, paid the SNET bill of $500, the City Coal bill of $200 and $2,500 for her attorney's fee; that she intends to repay Mr. Clapper; that she used $1,100 from the $5,000 she received on the sale of her trailer home to pay a judgment lien against her for medical services provided to Felicia, the minor child; and that the IRS applied $2,790 of her income tax refund due her for the year 1995 to the unpaid IRS liability.
The court finds the defendant to be most at fault for the breakdown of the marriage. A decree dissolving the marriage of the parties is ordered. After considering the factors in Connecticut General Statutes §§ 46b-61, 46b-81 and 46b-82, and other pertinent statutes the following orders are entered which the court finds to be fair and equitable.
(1) The defendant shall pay to the plaintiff the sum of $50 per week for three years nonmodifiable as to term only. Thereafter, the defendant shall pay to the plaintiff one dollar per year alimony until such time as defendant pays the debts and obligation pursuant to the provisions of paragraph 5 set forth herein below, modifiable as to amount only if defendant fails to pay said obligations.
The defendant's obligation to pay the plaintiff alimony shall not be dischargeable in bankruptcy as said alimony is essential for the support and maintenance of the plaintiff and her household.
Further, the defendant shall provide to the plaintiff quarterly reports of the operation of his business to enable plaintiff to determine if she should seek a modification of her alimony award and/or support order.
(2) The defendant shall pay to the plaintiff $64 per week child support, which is according to the guidelines based on defendant's reported income, plus $16 on a support arrearage owed plaintiff. CT Page 5495-E
(3) The parties shall share joint legal custody of the minor child with primary custody to the plaintiff. The defendant shall have reasonable rights of visitation which shall include two weeks of extended visitation with the minor child during the summer vacation, provided the defendant gives plaintiff four weeks advance notice of his intention to exercise said extended visitation; Christmas eve and morning shall be spent with the plaintiff and Christmas afternoon with the defendant.
(4) The defendant shall provide medical and dental insurance as is available through his business or employment for the minor child until she reaches 18 when the child no longer qualifies for the state medical benefits she presently receives. Each party shall share equally the unreimbursed medical and dental expenses.
(5) The defendant shall assume and agree to pay the following debt of the parties and to hold the defendant harmless from same.
 a. The IRS debt present balance of $20,000 plus b. The Connecticut Income Tax debt c. The W. W. Backus Hospital bill d. The Mastercard debt e. The Yale-New Haven Hospital bill
The defendant shall reimburse the plaintiff for any income refund which may be due the plaintiff hereafter, but which the IRS applies to the present tax obligation due to the IRS and State of Connecticut.
(6) The plaintiff shall be responsible for the SNET bill, the City Coal bill, the VISA bill, the C.L.P. bill, all as appear on her financial affidavit dated August 1, 1996.
(7) The defendant shall keep his 1987 Dodge Maxivan.
(8) The defendant shall own his business free of any claims of the plaintiff.
(9) The plaintiff shall keep her land and mobile home free of any claim of the defendant, as well as her household furnishings and Liberty Bank checking account.
(10) Each party shall pay their own attorney's fees. CT Page 5495-F
Paul M. Vasington State Trial Referee